| | |
|---|---|
| 1 | ALLEN M. RESSLER, ESQ. (WSBA #5330) |
| 2 | **LAW OFFICES OF RESSLER & TESH**<br>Penthouse Suite |
| 3 | 821 Second Avenue<br>Seattle, Washington, 98104 |
| 4 | Attorneys for Plaintiffs110 |
| 5 | Tel: 206.388.0333 |
| 6 | JUSTIN L. WILSON, ESQ.<br>**JONES WILSON LLP** |
| 7 | Nevada Bar No. 7560<br>1522 W. Warm Springs Road |
| 8 | Henderson, Nevada 89014<br>Tel: 702.405.6000 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE WOLFE, as Litigation Guardian Ad Litem for C.A.R., D.O.B.: 1/19/2002, C.J.R., D.O.B.: 1/17/2005 and G.Y.R., D.O.B: 10/7/2006<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, THE STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, NEVADA DIVISION OF CHILDREN AND FAMILY SERVICES AND JOHN AND JANE DOE 1-10.<br><br>Defendants. | No. 2:17-cv-02084-JCM-NJK<br><br>STIPULATION ~~AND [PROPOSED]~~ PROTECTIVE ORDER |

//// ////

STIPULATION ~~AND [PROPOSED]~~ PROTECTIVE ORDER - 1

1. Plaintiffs and Defendants, through their respective counsel and subject to the Court's approval, hereby stipulate and agree as follows, pursuant to Fed. R. Civ. P. 26(c), with respect to the disclosure of Confidential Information.

2. The parties to this action submit this Stipulation and Protective Order (hereinafter "Order") solely for the purpose of facilitating the exchange of documents and information between the parties in this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or documents under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or absence thereof.

**PROCEDURES REGARDING CONFIDENTIAL INFORMATION**

3. The parties define "Oregon and Washington case records" as all documents, which are in the custody of Plaintiffs or any other documents obtained by any party in this action from Oregon Department of Human Services ("Oregon DHS) and Washington Department of Social and Human Services ("Washington DSHS"), relating to Oregon DHS and Washington DSHS investigations, custody, and placement of Plaintiffs, including, but not limited to, documents relating to all

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 2

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

Plaintiffs' institutional, foster family, and kin placements; foster family's licensing files; education, mental health, and health services; and court proceedings. These "case records" shall also include the files and documents of any child who has been or is in Oregon DHS and Washington DSHS custody. The term "document" and "documents" include any written, printed, typed, recorded, electronic or graphic material of every type and description, and each and every thing from which information can be processed or transcribed, including computer readable storage material. Documents include, but are not limited to, the following: records, handwritten notes, reports, agreements, memoranda, email communications and photographs.

4. The parties acknowledge that Oregon DHS and Washington DSHS case records and the files and documents of any child who has been or is in their custody contain sensitive information that is generally protected from disclosure pursuant to federal and state law, including without limitation:

(a) Information that identifies by name or address, or could reasonably lead to the disclosure of the name or address of any applicant for or recipient of child welfare, foster care, or adoption assistance services [45 C.F.R. 1355.21];

(b) The names and addresses of applicants for and recipients of child welfare, foster care, or adoption assistance services and the amounts of financial

STIPULATION A̶N̶D̶ ̶[̶P̶R̶O̶P̶O̶S̶E̶D̶]̶
PROTECTIVE ORDER - 3

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

assistance provided to them [45 C.F.R. 205.50];

(c) Information related to the social and economic conditions or circumstances of particular individual applicants for or recipients of child welfare, foster care, or adoption services [45 C.F.R. 205.50];

(d) Agency evaluations of information about particular individual applicants for or recipients of child welfare, foster care, or adoption assistance services [45 C.F.R. 205.50];

(e) Medical data concerning particular individual applicants for or recipients of child welfare, foster care, or adoption assistance services [45 C.F.R. 205.50]; and

(f) All records of child abuse reports and all information obtained in investigating reports of child abuse and neglect [45 C.F.R. 1340.14].

The parties also acknowledge that all files or documents of any child who has been or is in Oregon DHS and Washington DSHS custody shall come within the provisions and protections of this Order.

5. Oregon DHS and Washington DSHS case records shall be deemed to be Confidential Information pursuant to this Order and plaintiffs shall label them as Confidential upon production.

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 4

6. A party may also label as "Confidential" any discovery that is served or produced in this litigation (including subpoenas and deposition testimony), if the marking party believes that the information contained in such discovery qualifies for protection under standards developed under Fed. R. Civ. P. 26(c) or state or federal law, including the right to privacy. Such information shall be deemed to be Confidential Information pursuant to this Order.

The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is confidential, nor shall it limit or preclude the right of any party to object to the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of such designation. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

Any party may contest a designation of "Confidential" by serving a written objection (by letter to the designating Party) to the Confidentiality designation at any time up to the discovery cut-off including any continuance thereof. Upon service of such objection, the Parties shall make a good faith effort to resolve the

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 5

issue informally. If that effort fails, the confidentiality designation shall expire unless, within three weeks of service of the objection, or such additional time as may be agreed upon the Parties, the Party seeking confidentiality applies to the Court or Magistrate Judge for an order designating the document or information confidential. If such an application is made, the document or other information marked "Confidential" which is in dispute shall remain "Confidential," as the case may be, until the dispute is resolved by and between or among the parties and so confirmed in writing or, if necessary, until order of the Court or any Magistrate Judge. On any such application, the proponent of confidentiality shall have the burden of showing, by a preponderance of the evidence, good cause for the claimed protection.

7. Confidential Information shall only be used for purpose of prosecution, defense, or settlement of this action, and for no other purpose.

8. Confidential Information may be disclosed or made available only to the Court; to counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, agent, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 6

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

(b) experts or consultants (and their clerical staff) consulted and/or retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action; or

(d) a witness at any deposition or court proceeding in this action.

9. Any person other than a party, counsel for a party, or a direct employee of such counsel, having access to information pursuant to paragraph 8, shall be provided a copy of this Order by the party providing access to the information. Such persons shall be bound by this Order and shall not disclose the information to any persons not authorized under state or federal law or order of this Court to receive such information. Furthermore, any such person shall sign a copy of the Statement of Confidentiality attached hereto and made a part hereof as Exhibit A, prior to being furnished with any such information.

10. All documents meeting the definition of Confidential Information that are produced in this case shall be clearly labeled or stamped "Confidential" prior to production.

11. In connection with proceedings in this action, testimony taken at a deposition, hearing, or trial relating to Confidential Information or disclosing the

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 7

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

identities of plaintiffs, any other child who has been or is in Oregon DHS and Washington DSHS custody, or any individual not a named party to this action, may be designated as Confidential Information by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to label confidential portions of the transcript as containing Confidential Information.

12. Any party's inadvertent or unintentional failure to designate protected information shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, as long as the disclosing party notifies all parties in writing that such protected information constitutes confidential information within seven days after learning that the protected information was inadvertently or unintentionally produced without an appropriate confidentiality designation.

13. The terms of this Stipulated Protective Order apply, without limitation to all documents and information exchanged between the parties in the course of this litigation, whether or not such documents and/or information were exchanged prior to the entry of this Order and/or were designated as "Confidential." This provision allows a party to designate a previously produced document as "Confidential."

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 8

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

14.

See order issued concurrently herewith.

15. Hard copies shall be submitted to the parties in accordance with Local Rule IA 10-5 and local e-filing instructions. Parties and nonparties shall also comply with all requirements of Fed. R. Civ. P. 5.2 with regard to all documents that are filed with the court.

16. In all documents that are made part of the public record (unless under seal) and in all references in open court, when referring to individual children or families, or other persons whose names or other identifying information is contained in Oregon DHS and Washington DSHS case records, the parties shall use initials agreed to by the parties.

17. This Order does not affect access to Confidential Information by individuals, including employees of Oregon DHS, Washington DSHS, Clark County or the State of Nevada, who are otherwise authorized under state law or

STIPULATION AND [PROPOSED] PROTECTIVE ORDER - 9

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

regulation to have such access.

18. The parties acknowledge that Oregon DHS and Washington DSHS information and material, which are the subject of this Confidentiality Order, contain sensitive information that is generally protected from disclosure by Oregon and Washington statutes and administrative codes, and that all such information should be and hereby is deemed confidential and may not be discussed with or disclosed, either orally or in writing, to anyone, including but not limited to the news or publication media in any format, except in the strict accordance with the provisions of this Confidentiality Order. This Order does not apply to policies and procedures of Oregon DHS and Washington DSHS which are otherwise deemed public record. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is, in fact, Confidential or whether its use should be restricted in any manner whatsoever; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

19. This Order shall be without prejudice to any party to claim that a

STIPULATION AND [PROPOSED] PROTECTIVE ORDER - 10

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

document that a party marked as containing Confidential Information is also protected by the attorney-client privilege, work product doctrine, or any other privilege or limitation recognized under state or federal law. Determinations of confidentiality and privilege are separate, and nothing in this Order constitutes a waiver of privilege.

20. At the conclusion of this case, all discovery material made confidential pursuant to this Order, or another court order, all documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the confidential material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material to have been destroyed. Notwithstanding the foregoing, counsel for the parties may retain, until the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, one copy of the named plaintiffs' case records, including the confidential material contained therein, and one copy of any attorney work product reflecting Confidential Information, provided that such case records and attorney work product is prominently marked with the statement:

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 11

**CONFIDENTIAL**

**This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of confidential discovery material.**

or some substantially similar statement. The provisions of this Order shall continue to apply to all confidential materials not returned or destroyed in accordance with this paragraph. After the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, plaintiffs' counsel shall return or destroy all confidential case records in accordance with the terms of this paragraph.

////  ////

////  ////

////  ////

////  ////

////  ////

////  ////

////  ////

////  ////

////  ////

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 12

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

DATED this 28th day of November, 2017.

| | |
|---|---|
| **RESSLER & TESH, PLLC** | **JONES WILSON LLP** |
| *[signature]* | /s/ Justin L. Wilson, Esq._____ |
| Allen M. Ressler, WSBA No. 5330 | Justin L. Wilson, Esq. |
| 821 – 2nd Avenue, Suite 2200 | Nevada Bar No. 7560 |
| Seattle, WA 98104 | 1522 W. Warm Springs Road |
| Tel: 206.388.0333 | Henderson, NV 89014 |
| Fax: 206.388.0197 | Tel: 702.405.6000 |
| allen@resslertesh.com | jwilson@joneswilson.com |
| Counsel for Plaintiffs | Co-Counsel for Plaintiffs |

**OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI**

/s/ Felicia Galati, Esq._____
Felicia Galati, Esq.
Nevada Bar No. 7341
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Tel: 702.384.4012
fgalati@ocgas.com
Attorney for Defendant Clark County

STIPULATION ~~AND [PROPOSED]~~ PROTECTIVE ORDER - 13

# ORDER

IT IS HEREBY ORDERED, ADJUDGED and DECREED that,

The records of the Clark County Department of Family Services ("CCDFS"), which may be discoverable in Bruce Wolf et al. v. Clark County et al., United States District Court Case No: 2:17-cv-02084-JCM-NJK, as well as any other documents so marked by the Parties, are deemed confidential to this litigation, and may be released and disclosed only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

IT IS SO ORDERED this 29 day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

**RESSLER & TESH, PLLC**

Allen M. Ressler, WSBA No. 5330
Counsel for Plaintiffs

**JONES WILSON LLP**

/s/ Justin L. Wilson, Esq.
Justin L. Wilson, Esq.
Nevada Bar No. 7560
Co-Counsel for Plaintiffs

STIPULATION ~~AND [PROPOSED]~~ PROTECTIVE ORDER - 14

Law Offices of Ressler & Tesh
Penthouse Suite
821 Second Avenue
Seattle, WA 98104
(206) 388-0333

# Exhibit A

# STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Confidentiality Order entered by the Court in *Bruce Wolf et al v. Clark County et al*, USDC Case No. 2:17-cv-02084-JCM-NJK on _____, 201___. I understand this Order and agree to abide by its terms by not disclosing confidential information to anyone other than counsel, employees or clerical staff subject to this order, except as required by lawful judicial process

_____    _____
Signature                                              Date

_____
Print Name / Title

STIPULATION ~~AND [PROPOSED]~~
PROTECTIVE ORDER - 15

**ECF CERTIFICATION**

I, Khanh T. Tran, hereby certify that I have obtained concurrence regarding the filing of this document from each of the signatories within the e-file document.

DATED this 28th day of November, 2017 at Seattle, Washington.

                         **RESSLER & TESH, PLLC**

                         _____

                         Khanh T. Tran | Paralegal

STIPULATION ~~AND [PROPOSED]~~ PROTECTIVE ORDER - 16