UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRUCE WOLF,

    Plaintiff(s),

v.

CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, et al.,

    Defendant(s).

Case No.: 2:17-cv-02084-JCM-NJK

**Order**

(Docket No. 90)

Pending before the Court is Defendants' motion for leave to file exhibits under seal, filed on an emergency basis. Docket No. 90.

As a preliminary matter, Defendants improperly filed their motion on an emergency basis. "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to

proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. *See, e.g.*, Local Rule 26-7(d) (emergency discovery motions must satisfy the requirements outlined in Local Rule 7-4). First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a). Second, the emergency motion must be accompanied by an affidavit providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* The affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-4(a)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id.* Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See id.* Concurrently with the filing of an emergency motion, or promptly thereafter, the movant must inform the courtroom administrators of the assigned judges that the motion was filed. Local Rule 7-4(d).

If these technical requirements are not met, the emergency motion may be denied. Local Rule 7-4(b). If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. *See* Local Rule 7-4(c). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule; and (2) that the movant

1 is without fault in creating the crisis that requires emergency relief or, at the very least, that the
2 crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission
3 Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for
4 bypassing the default briefing schedule does not exist and the motion may be properly decided on
5 a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but
6 the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The
7 relevant inquiry is not whether the opposing party was at fault with respect to the underlying
8 dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion
9 procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when
10 an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute
11 to the Court's attention until the eleventh hour, the attorney has created the emergency situation
12 and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting
13 cases). Quite simply, emergency motions "are not intended to save the day for parties who have
14 failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see
15 also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any
16 other aspect of litigation does not constitute an emergency").

17 In this instance, Defendants have not met the technical or substantive requirements for an
18 emergency motion. Additionally, by waiting two months after filing the exhibits at issue on the
19 public docket to ask for leave to file them under seal, Defendants convey an absence of urgency.
20 Such an oversight in a case involving minors, especially in light of Defendants' inherent
21 responsibility as overseers of child welfare and safety, troubles the Court. *See cf. Mix v. Jones-
22 Johnson*, 2006 U.S. Dist. LEXIS 65054, at *2 (D. Nev. Sept. 8, 2006) (finding that Clark County
23 Department of Family Services, upon removing a child from the custody of his or her parents, "has
24 the responsibility to provide care, supervision, and services to children…"); *see generally* NRS
25 432B (governing the protection of children from abuse and neglect and mandating the Clark
26 County Department of Family Services' responsibilities).

27 Most concerning to the Court, Defendants ask the Court for leave to file the exhibits at
28 issue under seal almost two months after the exhibits were filed on the public docket, on May 29,

2018. Docket No. 81. "There is thus an inherent logical dilemma underlying the parties' requests because information that has already entered the public domain cannot in any meaningful way be later removed from the public domain." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 U.S. Dist. LEXIS 58227, *8 (D. Ariz. Apr. 25, 2012) (denying after-the-fact requests to seal portions of transcript of hearing that was open to the public); *see also Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("[p]ublic disclosure cannot be undone"); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("once a fact is widely available to the public, a court cannot grant 'effective relief' to a person seeking to keep that fact a secret"); *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238-40 (9th Cir. 2012) ("[t]his relief is no longer available because the petitions are now available to the public"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) ("The genie is out of the bottle . . . We have not the means to put the genie back"). Therefore, while the Court can take protective measures to prevent further harm, it cannot shield from the public information that has already been disclosed publicly. *See, e.g.*, *Ashcraft v. Welk Resort Group*, 2017 U.S. Dist. LEXIS 148211, at *6 n.2 (D. Nev. Sept. 13, 2017).

Nonetheless, as the Court finds that Defendants have shown compelling reasons to seal the subject exhibits, and in the interest of the minor children, the Court **GRANTS** Defendants' motion. Docket No. 90. The Court **INSTRUCTS** the Clerk's Office to seal Docket Nos. 81-1, 81-3, 81-4, 81-5, 81-6, 81-7, and 81-8. The Court **ORDERS** Defendants to file unredacted copies of each exhibit, under seal, no later than July 24, 2018.

IT IS SO ORDERED.

Dated: July 20, 2018

                                              NANCY J. KOPPE
                                              United States Magistrate Judge