**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRUCE WOLF, et al., | Case No.: 2:17-cv-02084-JCM-NJK |
| Plaintiff(s), | **Order** |
| v. | (Docket No. 91) |
| CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to join Defendants' motion for leave to file exhibits under seal and motion for leave to file exhibits under seal. Docket No. 91; *see also* Docket No. 90. Plaintiffs' motion is defective for numerous reasons. First, Plaintiffs request two distinctive forms of relief in one motion. *See* Local Rule IC 2-2(b). Second, Plaintiffs' motion is devoid of points and authorities, as well as relevant facts. *See generally* Docket No. 91; *see also* Local Rule 7-2(a). Third, Plaintiffs improperly filed their motion. Local Rule IA 10-5 requires that a party who files a motion to seal documents must file, concurrently with its motion, the documents it asks the Court to allow it to file under seal. Plaintiffs fail to abide by these rules. *See* Docket No. 92; *see also* Docket No. 88.

Lastly, and of most concern to the Court, Plaintiffs ask the Court for leave to file the exhibits at issue under seal almost three weeks after the exhibits were filed on the public docket, on June 29, 2018. Docket No. 88. "There is thus an inherent logical dilemma underlying the parties' requests because information that has already entered the public domain cannot in any

meaningful way be later removed from the public domain." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 U.S. Dist. LEXIS 58227, *8 (D. Ariz. Apr. 25, 2012) (denying after-the-fact requests to seal portions of transcript of hearing that was open to the public); *see also Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("[p]ublic disclosure cannot be undone"); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("once a fact is widely available to the public, a court cannot grant 'effective relief' to a person seeking to keep that fact a secret"); *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238-40 (9th Cir. 2012) ("[t]his relief is no longer available because the petitions are now available to the public"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) ("The genie is out of the bottle . . . We have not the means to put the genie back"). Therefore, while the Court can take protective measures to prevent further harm, it cannot shield from the public information that has already been disclosed publicly. *See, e.g.*, *Ashcraft v. Welk Resort Group*, 2017 U.S. Dist. LEXIS 148211, at *6 n.2 (D. Nev. Sept. 13, 2017).

Accordingly, the Court **DENIES** without prejudice Plaintiffs' motion. Docket No. 91. Nonetheless, in the interest of the subject minors, the Court will allow the documents at issue to be sealed on an interim basis pending resolution of a renewed motion to seal. Accordingly, the Clerk's Office is **INSTRUCTED** to seal Docket Nos. 88-1 and 88-3. The Court **ORDERS** Plaintiffs to file a renewed motion to seal, that complies in full with all relevant caselaw and rules, no later than August 1, 2018.

IT IS SO ORDERED.

Dated: July 20, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge